108 F.3d 1109
 97 Cal. Daily Op. Serv. 1798, 97 Daily Journal
D.A.R. 3396
Jimmie Lee MILES, Petitioner-Appellant,
v.
Jerry STAINER, Warden, Corcoran State Prison; James Gomez,
Director, California Department of Corrections,
Respondents-Appellees.
 No. 96-15521.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided March 11, 1997.
 
 Ann C. McClintock, Assistant Federal Public Defender, Sacramento, California, for petitioner-appellant.
 Robert P. Whitlock, Deputy Attorney General, Fresno, California, for respondent-appellee.
 Appeal from the United States District Court for the Eastern District of California, Robert E. Coyle, District Judge, Presiding. D.C. No. CV-94-5003 REC.
 Before: NORRIS and KOZINSKI, Circuit Judges, and MOLLOY, District Judge.[1]
 OPINION
 MOLLOY, District Judge:
 Jimmy Lee Miles ("Miles") appeals the district court's denial of his petition for a writ of habeas corpus. In his habeas petition, he attacked his pleas of guilty to state kidnapping and robbery charges as invalid because he was mentally incompetent at the time he pled. We reverse and remand the case to state court for further proceedings.
 I.
 On July 6, 1984, Miles hid in the back seat of the car of Donald Berry and his girlfriend Beverly Muller. When the couple returned to the car, Miles pulled a gun and ordered them to drive him to San Francisco. On the way, Miles told Berry to exit the freeway and stop the car near a junkyard. He then forced Berry from the car, demanded his wallet, and shot him in the shoulder, abdomen, and in the face. Miles ordered Muller to undress so he could rape her, but changed his mind and decided to shoot her instead. Fortunately, Miles' pistol jammed, allowing Muller to run to a convenience store and call the police. Police arrested Miles a short time later. Berry survived his gunshot wounds.
 Miles was examined following his arrest and found incompetent to stand trial. Over the next year and a half, several conflicting findings were made on his competence or lack of competence. Ultimately, the state trial court found he was competent at a preliminary hearing on January 28, 1986.
 Following his plea of not guilty by reason of insanity, Miles was then examined by three psychiatrists, Drs. Levy, Davis, and Terrell. After more conflicting findings, they finally agreed Miles was competent to stand trial.
 Both Dr. Levy and Dr. Terrell noted in their evaluations that Miles did not consistently take his psychotropic medication. As a result, his degree of mental competence tended to fluctuate. Dr. Terrell stated, "It is very likely that the Defendant could be competent today but be incompetent within 24 to 48 hours." The doctor recommended Miles be given a long-lasting injection to avoid the risk that Miles would refuse oral medication. Medical records from Fresno indicate that Miles stopped taking antipsychotic medications after May 26, 1986.
 On May 12, 1986, the trial court held another competency hearing, found Miles competent, and set a pretrial hearing date. On July 11, 1986, Miles withdrew his not guilty plea and entered a plea of guilty. The plea bargain required him to plead guilty in exchange for dismissal of three of the counts against him. Before accepting the guilty plea, the state trial judge asked a series of yes or no questions involving the rights Miles claimed he understood he was waiving. The state judge then sentenced Miles to 10 years in prison plus an indeterminate life sentence.
 The California Supreme Court summarily denied Miles' petition for a writ of habeas corpus on October 13, 1993. A habeas petition was filed in federal district court for the Eastern District of California. That was denied on February 1, 1996. This appeal followed.
 Miles claims the district court erred in denying his habeas petition. He argues that because the evidence before the state court raised a reasonable doubt about his competence to plead guilty, the court should have held a competency hearing before accepting his plea. He also claims he received ineffective assistance of counsel because his lawyer failed to look into the issue of competence before the change of plea hearing.
 We review the denial of habeas relief de novo, and review any findings of fact for clear error. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).[2]
 II.
 Due process requires a trial court to hold a competency hearing sua sponte whenever the evidence before it raises a reasonable doubt whether a defendant is mentally competent. Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966); Hernandez v. Ylst, 930 F.2d 714, 716 (9th Cir.1991); Chavez v. United States, 656 F.2d 512, 515 (9th Cir.1981). Competence is defined as the ability to understand the proceedings and to assist counsel in preparing a defense. Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); see also Godinez v. Moran, 509 U.S. 389, 396, 113 S.Ct. 2680, 2685, 125 L.Ed.2d 321 (1993). When analyzing competence to plead guilty, we look to whether a defendant has "the ability to make a reasoned choice among the alternatives presented to him." Chavez, 656 F.2d at 518. Even so, this standard is no higher than the Dusky standard for competence to stand trial. See Godinez, 509 U.S. at 402, 113 S.Ct. at 2688.
 Whether a defendant is capable of understanding the proceedings and assisting counsel is dependent upon evidence of the defendant's irrational behavior, his demeanor in court, and any prior medical opinions on his competence. Drope v. Missouri, 420 U.S. 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103 (1975). None of these factors is determinative. Any one of them may be sufficient to raise a reasonable doubt about competence. Id.
 Miles argues that the reports of Dr. Levy, Dr. Terrell, and Dr. Davis raised reasonable doubt about his competence. All three noted that Miles was taking large doses of antipsychotic drugs. Each noted Miles had lost and regained competency several times. Drs. Levy and Terrell specifically warned that Miles' future competence depended on his continued use of medication. The jail records show that Miles did not take his medication for two weeks before his guilty plea.
 We believe this evidence before the state court raised a reasonable doubt about Miles' competence to plead guilty. Since the state court file contained doctors' warnings that Miles' competence depended on medication which he often refused to take, it was incumbent upon the state trial judge to ask him whether he had been taking his medication before accepting his guilty plea. Under the circumstances, the court's failure to inquire casts a reasonable doubt on the validity of the guilty plea. See Moran v. Godinez, 972 F.2d 263, 265 (9th Cir.1992) (court's failure to inquire about the four psychiatric medications defendant was taking raised reasonable doubt about competence), overruled on other grounds, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); Chavez, 656 F.2d at 518 (hearing required when evidence suggests that past incompetence may have recurred); Moore v. United States, 464 F.2d 663, 666 (9th Cir.1972) (records showing defendant's history of mental illness and instability raised reasonable doubt even though current psychiatric report found him competent).
 The state argues that the psychiatric evidence should be weighed against evidence of competence. Assuming this is so, the state's evidence is insufficient to tip the balance away from a finding of reasonable doubt about incompetence. The state-court plea colloquy consisted almost entirely of yes or no questions which shed little light on complex reasoning ability. See United States v. Christensen, 18 F.3d 822 (9th Cir.1994) (short, perfunctory colloquy is inadequate basis for waiver of right to jury trial when judge is on notice of defendant's possible mental or emotional instability); see also Godinez, 972 F.2d at 265 (monosyllabic responses at plea hearing are insufficient to overcome doubt raised by medication). The notes taken by defense counsel are similarly unhelpful because they date from over a month before the change of plea hearing. They do not establish that Miles was competent in mid-June, after a two-week lapse in his medication. See Drope, 420 U.S. at 181, 95 S.Ct. at 908 ("[A] trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial."). Defense counsel apparently made a note when closing the file that she conferred with Miles prior to the plea; however, it is unclear whether this refers to the conversation in May, or to a new one on the date of the hearing in July. At best, this note is inconclusive.
 The state emphasizes defense counsel's failure to raise the issue of competence at the plea hearing. See Medina v. California, 505 U.S. 437, 450, 112 S.Ct. 2572, 2579-80, 120 L.Ed.2d 353 (1992); see also United States v. Clark, 617 F.2d 180, 186 (9th Cir.1980) (defense counsel's failure to move for competency hearing is evidence of competence). But counsel's opinion is not determinative. Ylst, 930 F.2d at 718. Nor does counsel's failure to raise the issue mean that the defendant has waived the right to a competency hearing. Drope, 420 U.S. at 177, 95 S.Ct. at 906; Pate, 383 U.S. at 377, 86 S.Ct. at 837-38.
 In sum, we find the evidence of competence cited by the state is not sufficient to overcome the reasonable doubt raised by the state court's failure to ask whether Miles was taking his medication despite the strong warnings in the court file suggesting or at least implementing the need to ask the question. By failing to hold a competency hearing, the court violated due process.[3]
 III.
 Miles also questions the effective assistance of counsel. He claims his attorney was constitutionally deficient when she failed to ask whether he had taken his medication. We review a claim of ineffective assistance de novo.
 To successfully question the assistance of counsel requires a showing that (1) counsel's acts or omissions fell outside the wide range of reasonable professional assistance; and (2) these acts or omissions created a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); Evans v. Lewis, 855 F.2d 631, 636 (9th Cir.1988). There exists a "strong presumption" that counsel's conduct was reasonable because so many challenged actions can be explained as strategic choices. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.
 In this case, the federal district court found that Miles' counsel "should have monitored his medication situation more closely," but that her failure to do so was not "beyond the scope of reasonable professional judgment."
 We agree. The record shows that counsel discussed Miles' options with him at a time when he was competent, and that he decided to plead guilty in exchange for dismissal of some of the counts against him. Thus, counsel appears to have been acting according to her client's reasoned instructions when she assisted him at the plea hearing. Assuming arguendo that she had reason to doubt his competence on the day of the guilty plea, we are not willing to say that her failure to bring the matter to the court's attention--which would jeopardize the plea bargain, against her client's wishes--is a transgression that violates Strickland's "strong presumption" of reasonable conduct.IV.
 We remand the case to the district court with instructions to grant the writ unless the state trial court conducts a hearing within 60 days to determine whether Miles was competent at the time he pled guilty to the charges against him. The district court shall retain jurisdiction. If the state court vacates the guilty pleas, the district court shall dismiss the habeas petition. If it upholds the pleas, the district court shall review the matter in conformity with this opinion.
 REVERSED AND REMANDED.
 
 
 
 [1]
 The Honorable Donald W. Molloy, United States District Judge, District of Montana, sitting by designation
 
 
 [2]
 The state does not discuss whether the "new" standard of review for habeas petitions contained in 28 U.S.C. § 2254(d) should apply to this case. We therefore deem the issue waived. See Tho Van Huynh v. King, 95 F.3d 1052, 1055 (11th Cir.1996) (declining to apply the new version of § 2254 when neither party argued for it); Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir.1996) (same)
 
 
 [3]
 The state also relies on Medina, which allowed the state court to presume that Miles was competent. The issue in Medina was who would bear the burden of proof at a formal competency hearing--the defendant or the state. See Medina, 505 U.S. at 442, 112 S.Ct. at 2575-76. In contrast, the instant case involves the threshold question of whether such a hearing was required in the first place