122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre BOSTON, Petitioner-Appellant,
v.
E. ROE, Attorney General of the State of California,
Respondents-Appellees.
 No. 96-56091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the Central District of California Audrey B. Collins, District Judge, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Andre Boston, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his guilty plea conviction for kidnapping and sexual assault. We have jurisdiction pursuant to 28 U.S.C. 2253. We review de novo the district court's denial of a habeas petition, see Miles v. Stainer, 108 F.3d 1109, 1112 (9th Cir.1997), and affirm.
 
 
 3
 Boston first contends that the attorney who represented him at a fineness hearing in juvenile court was ineffective because he failed '5o investigate Boston's competence to proceed and a possible insanity defense. By voluntarily and intelligently pleading guilty, however, Boston has waived this pre-plea nonjurisdictional claim. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Harris v. Procunier, 498 F.2d 576, 579 (9th Cir.1974) (en banc) (stating that guilty plea in adult court waives failure of state to provide counsel at juvenile fitness hearing).
 
 
 4
 Next, Boston contends that he pleaded guilty upon counsel's advice because he believed counsel had adequately investigated a possible insanity defense, but that had he known counsel had not performed such an investigation, he would not have pleaded guilty. This Contention lacks merit.[1]
 
 
 5
 A defendant who pleads guilty upon the advice of counsel may attack the voluntary and intelligent character of the guilty plea by showing that counsel's advice was rot within the range of competence expected of counsel in a criminal case. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir.1994). Thus, the defendant must show that counsel's advice was deficient and that he was prejudiced as a result; in other words, that but for the advice, the defendant would not have pleaded guilty and would have proceeded to trial. See Hill, 474 U.S. at 59. With respect to a claim of ineffective assistance based on a failure to advise of a potential defense, resolution of the prejudice question is heavily dependent on whether the defense would have been successful. See id.
 
 
 6
 At an evidentiary hearing on Boston's state habeas petition, John Mead, a psychiatrist who examined Boston for sentencing purposes after he pleaded guilty, opined that Boston was neither suffering from a mental illness nor showing any residual symptoms of a recent illness. Paul Enright, Boston's adult-court counsel, testified that he did not pursue an insanity defense because Boston had told him he wanted to plead guilty and had not indicated a desire to proceed to trial. Enright also testified that Boston's efforts to disguise himself during the crime and blindfold the victim suggested to him that Boston wanted to avoid detection and that he thus knew his actions were wrong.
 
 
 7
 We conclude that Boston has failed to show a reasonable likelihood that an insanity defense would have succeeded at trial, because he has not demonstrated that he lacked the capacity to know or understand the nature and quality of his actions, and to distinguish right from wrong when he committed the offense. See Cal.Penal Code § 25(b) (West 1988); People v. Skinner, 228 Cal.Rptr. 652, 657-58 (Cal.Ct.App.1986). Moreover, it is unlikely that Boston would have proceeded to trial, given his statement to Enright that he wanted to plead guilty and the State's intent to file an additional charge that carried a maximum sentence of life with the possibility of parole. See Hill, 474 U.S. at 59; Miles, 108 F.3d at 1113. Thus, Boston has failed to establish prejudice. See Hill, 474 U.S. at 59.
 
 
 8
 Third, Boston contends that he was denied due process because the question of his competence and his sanity "has never been addressed by any court and is still in question." This contention is meritless, because Boston has not asserted that he was unable to understand the proceedings or assist his counsel in preparing a defense. See Miles, 108 F.3d at 1112. The transcript of Boston's guilty plea hearing reveals no evidence of irrational behavior or courtroom demeanor that raised a reasonable doubt about his competence, nor has Boston presented any such evidence. See id. Nothing in Boston's medical records indicated he was incompetent or insane. See id. Accordingly, we conclude that Boston has failed:o show the trial court violated his due process rights by refusing to conduct a competency hearing or investigate his sanity. See id.; see also Cacoperdo v. Demosthenes, 37 F.3d 504, 510 (9th Cir.1994) (habeas petitioner bears burden of showing due process violation).
 
 
 9
 Finally, because Boston has failed to allege facts entitling him to relief, the district court did not abuse its discretion by denying his habeas petition without first holding an evidentiary hearing. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied. We also deny appellant's motion for appointment of counsel. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Boston also contends that this attorney was ineffective on several additional grounds, which we decline to consider because Boston did not present them to the district court in his habeas petition. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir.1994)