127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Blaine Corey MULLINS; Petitioner-Appellant,
v.
Ana M. RAMIREZ; Respondent-Appellee.
 No. 96-16944.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 15, 1997.**
Decided Oct. 16, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-96-01055-FMS; Fern M. Smith, District Judge, Presiding.
 MEMORANDUM*
 Before: CHOY, FERGUSON, and WIGGINS, Circuit Judges.
 
 
 1
 Blaine Corey Mullins ("Mullins") appeals from the district court's denial of his habeas corpus petition. On July 18, 1990, a jury found Mullins guilty of kidnapping, robbery, rape, forcible oral copulation, forcible penetration with a foreign object, and automobile theft in violation of Cal.Penal Code §§ 207, 211, 261(2), 288a(c), and 289(a) and Cal. Veh.Code § 10851. The state court sentenced Mullins to fifty-seven years in prison.
 
 
 2
 Mullins' habeas corpus petitions were denied in the California Court of Appeals and the California Supreme Court. On March 22, 1996, Mullins filed this petition for habeas corpus in the Northern District of California. The district court denied Mullins' petition and his request for an evidentiary hearing. This appeal timely followed.
 
 
 3
 Mullins asserts two claims on appeal. First, he contends that the district court erred by denying his petition. The petition alleges that he received ineffective assistance of counsel during his state trial. Second, Mullins claims that the district court erred by failing to hold an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 4
 This court reviews de novo a district court's decision on a habeas corpus petition. See Miles v. Stainer, 108 F.3d 1109, 1112 (9th Cir.1997). We review for abuse of discretion a district court's denial of a request for an evidentiary hearing. See Swan v. Peterson, 6 F.3d 1373, 1384 (9th Cir.1993).
 
 
 5
 Ineffective assistance of counsel claims are evaluated under a two-prong test. The defendant must show that his counsel's performance was deficient and that this deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, the defendant must demonstrate that his counsel's performance fell below "the wide range of professionally competent assistance." Id. at 690; see Hendricks v. Vasquez, 974 F.2d 1099, 1109 (9th Cir.1992). The second prong requires that the defendant demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.
 
 
 6
 Mullins argues that his counsel's failure both to investigate adequately and to call as a witness Dean Vargas ("Vargas") constituted ineffective assistance of counsel. This claim must fail. First, the counsel's performance was not deficient. Mullins' counsel, Patrick Concannon ("Concannon"), had his investigator interview Vargas and had access to the transcript of Vargas' interview with Detective Brennan. In the interview with Concannon's investigator, Vargas did not offer any exculpatory evidence. Moreover, Vargas admitted in his interview with Detective Brennan that he had suspected Mullins was holding the victim, Maribel Saporsantos ("Saporsantos"), against her will. Vargas told Detective Brennan that Saporsantos had asked Mullins to let her go free. Concannon had sufficient reason to believe that further investigation of Vargas would be fruitless and that defense resources would be better allocated elsewhere. See Strickland, 466 U.S. at 691. Thus, it was well within the "wide range of professionally competent assistance" for Concannon to decide not to pursue the investigation of Vargas and not to call him as a witness. Id. at 690.
 
 
 7
 Second, Mullins fails to establish prejudice from the alleged deficiency in representation. Vargas indicated to Detective Brennan that he thought Mullins was holding Saporsantos against her will. Any testimony to the contrary would have been subject to impeachment by these statements. Mullins does not point to any evidence that suggests Vargas would have offered exculpatory testimony. Moreover, there was considerable evidence at trial that corroborated Saporsantos' testimony that Mullins kidnapped, raped, and robbed her. Thus, there is not a reasonable probability that Vargas' testimony would have altered the jury's verdict. See id. at 694-95. Mullins' ineffective assistance of counsel claim fails on both prongs.
 
 
 8
 Mullins also argues that the district court abused its discretion by denying him an evidentiary hearing. This claim is without merit. Because Mullins filed his habeas petition in the district court prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (the "AEDPA"), the pre-AEDPA analysis of evidentiary hearings governs in this case. See Jones v. Woods, 114 F.3d 1002, 1013 (9th Cir.1997). "A habeas petitioner is entitled to an evidentiary hearing on a claim if (1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." Williams v. Calderon, 52 F.3d 1465, 1484 (9th Cir.1995) (internal quotations omitted), cert. denied, 116 S.Ct. 937 (1996). Even if Mullins' allegations that Vargas would have provided exculpatory evidence were true, Mullins would not be entitled to relief because, as discussed above, there is not a reasonable probability that the jury would have reached a different verdict. See Strickland, 466 U.S. at 694-96. Mullins' allegations, if proved, would not entitle him to relief. Thus, the district court did not abuse its discretion when it refused to conduct an evidentiary hearing. See Williams, 52 F.3d at 1484.
 
 
 9
 AFFIRMED.
 
 
 10
 Appellant's request for oral argument is DENIED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3