131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor Tuan NGUYEN, Petitioner-Appellant,
v.
James H. GOMEZ; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-55969.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1997.
Decided Dec. 4, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-94-00968-AHS, Alicemarie H. Stotler, District Judge, Presiding.
 
 
 2
 Before: Hall and T.G. Nelson, Circuit Judges, and Winmill, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Victor Tuan Nguyen (the "petitioner"), a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his first degree murder conviction. The petitioner contends he received ineffective assistance of counsel because his attorney 1) failed to request a mistrial following an act of prosecutorial misconduct; 2) vilified the petitioner during the presentation of evidence and arguments 3) failed to object to the prosecutor's questioning of witnesses regarding intimidation; and 4) failed to adequately prepare for trial. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. §§ 1291 and 2253. We review the district court's decision de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 I.
 
 5
 The parties are familiar with the facts of this case and we will not repeat them here. In addressing the petitioner's first contention we accept the state court's conclusion that the prosecutor acted improperly. We must decide whether defense counsel's performance in relation to the prosecutorial misconduct fell "outside the wide range of reasonable professional assistance." Miles v. Stainer, 108 F.3d 1109, 1113 (9th Cir.1997). In this regard, there "exists a 'strong presumption' that counsel's conduct was reasonable because so many challenged actions can be explained as strategic choices." Id. (quoting Strickland v. Washington, 466 U.S. 668, 690 (1984)). If we determine that counsel's representation was deficient, the petitioner is entitled to habeas relief only if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.
 
 
 6
 The petitioner maintains that counsel's representation was deficient in that counsel failed to cite prosecutorial misconduct as an additional ground supporting his objection to the prosecutor's improper questioning of a witness. The petitioner argues that this oversight precluded counsel from raising the issue or appeal. This argument is refuted by the record. The state appellate court did consider, and ultimately rejected, a challenge to the petitioner's conviction based on prosecutorial misconduct.
 
 
 7
 Similarly, the record demonstrates that trial counsel's decision not to seek a curative admonishment was the result of counsel's conclusion that the possible negative impacts outweighed any benefit. As the federal district court observed, a tactical decision of this sort is "well within the wide range of reasonable professional conduct required by Strickland."
 
 
 8
 This leaves only the issue of whether counsel's failure to request a new trial was beyond the scope of reasonable professional judgment. Contrary to what the petitioner suggests, a decision not to seek a mistrial involves a strategic choice. "In determining whether or not to move for a mistrial, defendants must always weigh the disadvantages of allowing the prosecution to begin its case anew against the benefits of completely eliminating a given trial error." People v. Hathcock, 504 P.2d 476, 486 (Cal.1973), disapproved on other grounds in People v. Green, 609 P.2d 468 (Cal.1980); People v. Valenzuela-Gonzales, 195 Cal.App.3d 728, 741 (Cal.Ct.App.1987). If counsel "did ask for a mistrial and it was granted the prosecution would get 'a second crack' at the defendant, having gained the benefit of a full-scale rehearsal of the trial and exposure of the defendant's case." Hathcock, 504 P.2d at 485-86.
 
 
 9
 Counsel could have viewed the prosecutor's improper questions as having limited repercussions. As the state appellate court noted, the "interrelationship of the defendant, the victim and their families made the prosecutor's questions and [the witness's) answers so confusing the entire incident is almost incomprehensible." ER, Tab H at 5. To the extent the implications of the prosecutor's questions were clear, the witness insisted that the victim, not the petitioner, admitted to having committed a murder. Under the circumstances, counsel reasonably could have concluded that the disadvantage of allowing the prosecution "a second crack at the defendant" outweighed the benefit of eliminating the prosecutorial misconduct. Because counsel's decision was not "objectively unreasonable," failure to request a new trial cannot constitute ineffective assistance of counsel. See Hensley v. Crist, 67 F.3d 181, 185 (9th Cir.1995); Paradis v. Arave, 954 F.2d 1483, 1494 (9th Cir.1992), judgment vacated on other grounds, 507 U.S. 1026 (1993).
 
 
 10
 Likewise, there is not a "reasonable probability that, but for counsel's" failure to seek a mistrial, "the result of the proceeding would have been different." See Strickland, 466 U.S. at 694. The evidence presented by the prosecution provided overwhelming support for a first degree murder conviction and negated the petitioner's effort to obtain a verdict of second degree murder or voluntary manslaughter. Given the evidence, it is not a reasonable probability that the elimination of the prosecution's reference to a prior murder would have resulted in a different jury verdict. See Strickland, 466 U.S. at 696 ("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.").
 
 II.
 
 11
 The petitioner contends that counsel needlessly vilified his character on direct examination and during closing arguments. The petitioner maintains that there was no tactical purpose justifying counsel's actions and thus counsel's assistance in this respect was ineffective. However, given the evidence presented by the prosecution, that the petitioner repeatedly lied to the police and that he left the country after the murder, counsel's decision to concede the obvious may "have been the best choice from a poor lot." McDowell v. Calderon, 107 F.3d 1351, 1358 (9th Cir.1997), reh'g en banc granted, 120 F.3d 956 (1997); see also Hendricks v. Calderon, 70 F.3d 1032, 1042 (9th Cir.1995) ("The choice to pursue a bad strategy makes no comment on an attorney's judgment where no better choice exists."), cert. denied, 116 S.Ct. 1335 (1996).
 
 
 12
 Moreover, the evidence produced at trial presented an overwhelming case against the petitioner. Thus, it is not reasonably probable that the outcome of the petitioner's trial would have been different absent the alleged error by defense counsel.
 
 III.
 
 13
 The petitioner contends that trial counsel was ineffective by failing to object when the prosecutor asked two of the eyewitnesses whether they had been intimidated by "a couple of Vietnamese" who urged them not to tell the police anything. The state appellate court determined that the prosecutor's questions did not amount to a violation of state law. We "must defer to the state court's interpretation of state law." Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993). Because the prosecutor did not ask the witnesses an improper question, the petitioner's counsel was not ineffective for failing to object.
 
 IV.
 
 14
 The petitioner contends that his counsel was unprepared to present an adequate defense. In many instances, the conduct cited as evidence of incompetence is not necessarily unusual. For example, a competent attorney might ask the case investigator for help with witnesses and jury selection. More important, the assertion that defense counsel was not competent and was unprepared for trial is not supported by the record. The only errors that the petitioner alleges his counsel committed are those which we have considered above and rejected. The petitioner fails to overcome the "strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making decisions." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 896 (9th Cir.1996) (citation omitted).
 
 
 15
 AFFIRMED.
 
 
 
 **
 The Honorable B. Lynn Winmill, District Judge of the District of Idaho, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3