**Linda Ruth CABANILLA, Petitioner–Appellant,**

v.

**Robin BATES; Frankie Sue Del Papa, Respondents–Appellees.**

No. 02–15083.

D.C. No. CV–96–00452–ECR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 26, 2002.

Before STAPLETON,* O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

**MEMORANDUM ***

Linda Cabanilla appeals the district court's denial of her habeas corpus petition after an evidentiary hearing, which we directed that court to hold.[1] We affirm.

There is little to add to the district court's cogent analysis on October 25, 2001. That analysis came after a three day evidentiary hearing, carefully explained the competing considerations, and resolved them. Suffice it to say that:

(1) Considering the investigation that counsel did perform, and the information available to her, including expert opinions, her own observations of Cabanilla during many conferences, and her other contact with Cabanilla by telephone and correspondence, we cannot say that counsel was constitutionally ineffective. *See Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); *Strick-*

---

* The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Cabanilla v. Bates,* No. 99–16074, 2000 WL 1693675, at *7–9 (9th Cir. Nov.13, 2000).

*land v. Washington,* 466 U.S. 668, 690–91, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984); *Smith v. Stewart,* 140 F.3d 1263, 1268 (9th Cir.1998); *Babbitt v. Calderon,* 151 F.3d 1170, 1174 (9th Cir.1998); *Hendricks v. Calderon,* 70 F.3d 1032, 1038–39 (9th Cir.1995); *see also St. Pierre v. Walls,* 297 F.3d 617, 630 (7th Cir.2002). Moreover, we cannot overlook the fact that, against the advice of her attorney, Cabanilla insisted on the course of action taken. *See Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066; *Miles v. Stainer,* 108 F.3d 1109, 1113 (9th Cir.1997); *see also Landrigan v. Stewart,* 272 F.3d 1221, 1225–26 (9th Cir. 2001).

(2) Similarly, Cabanilla has not shown that she was, in fact, so incompetent or mentally disturbed that she was unable to enter a guilty plea. *See Boag v. Raines,* 769 F.2d 1341, 1343 (9th Cir.1985); *Steinsvik v. Vinzant,* 640 F.2d 949, 954 (9th Cir.1981).[2] The evidence that was presented for the purpose of demonstrating Cabanilla's incompetence is not asthenic, but it does not overcome the contemporaneous observations of her attorney, the trial judge, and the mental health professionals on the scene at the time. *See Hernandez v. Ylst,* 930 F.2d 714, 718 (9th Cir.1991). Nor does it overcome Cabanilla's evident ability to make the decisions that she then made and to enter a knowing and intelligent plea. *See United States v. Mims,* 928 F.2d 310, 313 (9th Cir.1991); *see also St. Pierre,* 297 F.3d at 635.

AFFIRMED.

---

**2.** We are cognizant of the difference between a claim that there was a procedural due process violation due to a failure of the trial court to conduct a competency proceeding, and a claim of factual incompetence. *See Amaya-*

*Ruiz v. Stewart,* 121 F.3d 486, 489 (9th Cir. 1997). Cabanilla appears to assert the latter only. In any event, we see no error of the former type.