Jimmy Lee **MILES**, Petitioner—
Appellant,

v.

**J. STAINER; James Gomez,**
Respondents—
Appellees.

No. 02–16936.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2003.*

Decided Aug. 21, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

88

Before: REINHARDT, GRABER, Circuit Judges, and SHADUR,** Senior District Judge.

MEMORANDUM ***

In *Miles v. Stainer*, 108 F.3d 1109, 1113 (9th Cir.1997)("*Miles I*"), this court held that a reasonable doubt existed as to Jimmy Lee Miles' competency to stand trial because he had not been taking anti-psychotic medications for approximately six weeks before he entered his guilty plea and no one had examined him during that period. The *Miles I* court remanded the case for a retrospective competency hearing. *Id.* Based on the testimony of two psychiatrists, Miles' former counsel, the judge's own observations, and the various

** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

records entered into evidence, the state court judge found that Miles had been competent when he entered his guilty plea in July of 1986. Miles now appeals the district court's decision affirming the state court's competency finding and denying his petition for a writ of habeas corpus.

Under former § 2254(d), which is applicable in this pre-AEDPA case, a state court's findings of fact are entitled to a "presumption of correctness," unless a statutory exception applies. Miles asserts that this panel should not apply the presumption of correctness here because: 1) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; 2) the record of the state court proceeding, considered as a whole, does not fairly support such a factual determination; and 3) the factual determination by the state court was erroneous.

A criminal defendant is competent to enter a plea if he has 1) a rational and factual understanding of the proceedings against him, and 2) sufficient present ability to consult with counsel with a reasonable degree of rational understanding. *Godinez v. Moran*, 509 U.S. 389, 403–04, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993)(Kennedy, J., concurring). Whether a defendant is capable of understanding the proceedings and assisting counsel is dependent upon evidence of the defendant's irrational behavior, his demeanor in court, and any prior medical opinions on his competence. *Drope v. Missouri*, 420 U.S. 162, 180, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

At the competency hearing, Miles' former defense counsel testified that she observed his appearance in court on the day of trial, and he showed no obvious signs of

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

decompensation. She also conferred with Miles prior to the hearing and testified that although her memory was "vague," based on the discussion, she believed that he was competent. Two doctors (who had examined Miles on prior occasions and found him incompetent) reviewed the medical records tending to show that Miles had a history of speedy regression without medication and heard the testimony of Miles' former counsel; they opined that Miles was competent on the day he entered his guilty plea. A third doctor (who had also examined Miles on prior occasions) submitted a letter to the court stating that any testimony he could offer on the matter would be "purely speculative" because he had not had the opportunity to examine Miles on the day of the plea hearing.

First, while the passage of time and the lack of expert evidence regarding Miles' mental state on the day of the guilty plea hearing made it more difficult for Miles to prove incompetency by a preponderance of the evidence, based on our precedent we hold that Miles was provided with a full and fair opportunity to explore or rebut the basis for the finding of competence. *See Odle v. Woodford,* 238 F.3d 1084, 1090 (9th Cir.)(discussing the types of new and old evidence that should be available in order to ensure that a defendant receives a fair retrospective hearing), *cert. denied,* 534 U.S. 888, 122 S.Ct. 201, 151 L.Ed.2d 142 (2001); *de Kaplany v. Enomoto,* 540 F.2d 975, 985–86 (9th Cir.1976)(same).

Second, because we cannot say (based on the evidence presented) that the state court's finding of competency was not supported by the record, we hold that the presumption of correctness applies. *Maggio v. Fulford,* 462 U.S. 111, 117–18, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983)(per curiam).[1]

For these reasons, we affirm the district court and deny the petition for writ of habeas corpus.

**AFFIRMED.**

---

1. Our holding that the state court's finding was not unsupported by the record precludes a finding here that the state court's decision was erroneous.