**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ignacio HERRERA, Jr., a/k/a Nacho, Defendant—Appellant.**

No. 04–50316.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2005.

Decided July 6, 2005.

Damian J. Martinez, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Myra Mossman, Santa Barbara, CA, for Defendant–Appellant.

Before: LAY,[*] KOZINSKI, and THOMAS, Circuit Judges.

MEMORANDUM [**]

1. There was insufficient evidence before the district court to raise a reasonable doubt of Herrera's ability to understand the proceedings and to assist counsel in preparing a defense. Therefore, the district court did not err in declining to hold an evidentiary hearing as to Herrera's competence to plead guilty. *See Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir.1997).

2. The district court did not abuse its discretion in denying Herrera's motion to withdraw his guilty plea prior to sentencing on the basis of newly discovered evidence. The evidence in question was available to the defendant prior to entering the plea.

3. The district court made no error under Federal Rule of Criminal Procedure 32. *See United States v. Carter*, 219 F.3d 863, 867 (9th Cir.2000).

4. The record is sufficiently developed for us to reject defendant's claim of ineffective assistance of counsel as to investigation of possible defenses prior to entry of a plea. A careful review of the record demonstrates that Herrera did not suffer any prejudice from the alleged failure to investigate. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (describing prejudice requirement of ineffective assistance of counsel claims).

5. The record is not sufficiently developed on direct appeal for us to rule on Herrera's claim of ineffective assistance of counsel in communicating the plea offer. The claim is appropriately addressed on habeas review so that the evidentiary record may be developed. *See United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir. 1991).

6. Under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Sentencing Guidelines have become advisory, rather than mandatory.

---

[*] The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Therefore, we remand pursuant to pursuant to *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir. June 1, 2005) to ascertain whether the sentence "would have been materially different had the district court known that the sentencing guidelines were advisory."

**CONVICTION AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS**

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.