*646 MEMORANDUM **
Ronald Santos appeals the district court’s denial of his petition for a writ of habeas corpus. See 28 U.S.C. § 2254. We affirm.
Santos asserts that the writ should issue because he was denied effective assistance of counsel and the Supreme Court of the State of Nevada unreasonably determined the contrary. To sustain his claim, he was required to prove that counsel’s performance “fell below an objective standard of reasonableness,”[1] and “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.”[2]
However, the writ may issue only if the determinations of the Nevada courts were “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,”[3] or “resulted in a decision that was based on an unreasonable determination of the facts.”[4] On the record before us, Santos has not shown any of those defects in the Nevada courts’ decisions. Simply put, he has not shown that counsel was ineffective in her investigation of the case,[5] in her failure to pursue a voluntary intoxication defense,[6] in her failure to prevent his entry of a guilty plea,[7] or in an alleged use of duress to induce his plea by advising him that his children may well be called to testify if the, case went to trial.[8]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. See Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); see also Campbell v. Wood, 18 F.3d 662, 673 (9th Cir.1994) (en banc).

. See Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. That standard also applies when a defendant attacks his plea. See Hill v. Lock-hart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (defendant must show that he “would have insisted on going to trial.”)

. See 28 U.S.C. § 2254(d)(1); Wiggins v. Smith, 539 U.S. 510, 520-21, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (holding that unreasonable application means "objectively unreasonable,” not simply “incorrect or erroneous.”); Lockyer v. Andrade, 538 U.S. 63, 71, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003) (declaring that the law must be based on holdings and not mere dicta.)

. See 28 U.S.C. § 2254(d)(2); Miller-El v. Cockrell, 537 U.S. 322, 348, 123 S.Ct. 1029, 1045, 154 L.Ed.2d 931 (2003) (holding that state court determination must be “objectively unreasonable” based on state court record); see also Edwards v. Lamarque, 475 F.3d 1121, 1125-26 (9th Cir.2007) (en banc); Taylor v. Maddox, 366 F.3d 992, 1000 (9th Cir.2004).

. See Strickland, 466 U.S. at 677, 104 S.Ct. at 2059; Siripongs v. Calderon, 133 F.3d 732, 735-36 (9th Cir.1998).

. See Doe v. Woodford, 508 F.3d 563, 569 (9th Cir.2007).

. See United States v. Howard, 381 F.3d 873, 878-79 (9th Cir.2004); Miles v. Stainer, 108 F.3d 1109, 1113 (9th Cir.1997).

. See United States v. Sutton, 794 F.2d 1415, 1422 (9th Cir.1986); see also McMann v. Richardson, 397 U.S. 759, 769-71, 90 S.Ct. 1441, 1448-49, 25 L.Ed.2d 763 (1970) (holding that even a possible misjudgment about admissibility of evidence is not ineffective assistance.)