MEMORANDUM **
A jury convicted Javier Armando Monge-Rios (Monge-Rios) of conspiracy to possess with intent to distribute 50 to 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He appeals the district court’s denial of his motion for a competency hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Both the magistrate judge and the district judge had sufficient evidence to find by a preponderance standard, see United States v. Chischilly, 30 F.3d 1144, 1150 (9th Cir.1994), that Monge-Rios “had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding];,] and a rational as well as factual understanding of the proceedings against him,” United States v. Fernandez, 388 F.3d 1199, 1251 (9th Cir.2004) (internal quotation marks omitted).
First, the magistrate judge stated that, based on his personal observations and interactions with Monge-Rios over the course of three different hearings, he “ha[d] not discerned anything that sa[id] to [him] that [Monge-Rios] ha[d] issues regarding competency.” See Miles v. Stainer, 108 F.3d 1109, 1112 (9th Cir.1997) (noting that a defendant’s demeanor is a factor in determining competency). Although Monge-Rios alleged that a prior head injury interfered with his ability to recall situations and to assist his attorney with his defense, the magistrate judge correctly noted that the only evidence for these assertions was Monge-Rios’s own, self-serving remarks. Monge-Rios failed to offer any medical opinions of his alleged mental incompetence at any time. See id. (noting that prior medical opinions are also relevant to the competency analysis). Further, as the magistrate judge observed, *763 defense counsel “stated in the various pleadings, including the motion for [a] competency hearing, that he’s not been able to discern issues of competency.” Counsel merely felt that he had an ethical duty to inform the magistrate judge of Monge-Rios’s self-reported memory problems, of Monge-Rios’s sudden change of mind regarding entering a proposed plea agreement, and of his view that Monge-Rios was “sort of noncommunicative” during the trial preparation. As the magistrate judge concluded, however, it was Monge-Rios’s choice whether to accept the plea bargain or whether to speak productively with his attorney. Without more, unsubstantiated allegations of memory difficulties do not reasonably support a finding of incompetency. See Wallace v. United States, 457 F.2d 547, 548 (9th Cir.1972) (“We have frequently held that a bald conclusion in the form of a self-serving statement by a petitioner that he was not mentally competent to stand trial does not entitle him to an evidentiary hearing on the mental competency issue.”) (internal quotation marks omitted).
Second, Monge-Rios demonstrated sufficient competency before the district court. At trial, he responded affirmatively to the district judge that he understood the connection between the prosecution and his arrest for possessing 216 pounds of marijuana sixteen years ago in Nogales, Arizona, and that although he knew he had a right to testify on his own behalf, he did not wish to do so. In addition, at the competency hearing, he reasonably answered questions from the district court about his pro se motion for a new trial, and declined the opportunity to present further evidence regarding that motion or his competency. Based on his firsthand observations of Monge-Rios’s demeanor and responses, the district judge concluded that Monge-Rios’s competency was not an issue. See Miles, 108 F.3d at 1112.
Finally, at sentencing, the district court again inquired into Monge-Rios’s competency. The district judge asked defense counsel, “Are you satisfied he is competent?” Counsel replied, “I am satisfied to the point that I didn’t seek any further evaluation.” In addition, counsel stated, “Monge-Rios is very reticent in terms of his communication ... but when he does speak, ... he seems to understand everything that’s going on intelligently.” Counsel also noted that both the magistrate judge and the district judge had “inquired of [Monge-Rios] and determined that [his memory issues] didn’t rise to the level of a competency issue.”
Viewing this evidence in the light most favorable to the government, we conclude that the district court did not clearly err in finding that Monge-Rios was competent to stand trial, see Chischilly, 30 F.3d at 1150, and, concomitantly, that the district court did not abuse its discretion in denying his motion for a competency hearing, see United States v. George, 85 F.3d 1433, 1437 (9th Cir.1996).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.