FILED

DEC 03 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30060 |
| Plaintiff - Appellee, | D.C. No. 2:07-CR-00024-WFN |
| v. | |
| ISAAC S. SPRAUER, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted November 5, 2009
Seattle, Washington

Before: ALARCÓN, KLEINFELD and CLIFTON, Circuit Judges.

Isaac Sprauer pled guilty to being a felon in possession of ammunition in

violation of 18 U.S.C. § 922(g)(1). He was sentenced to 77 months of

imprisonment. Sprauer has timely appealed from the district court's sentencing

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

decision. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part, vacate in part, and remand for resentencing.

## I

Sprauer contends the district court erred in relying on the Government expert's testimony in finding that Sprauer was competent to enter a guilty plea. "When analyzing competence to plead guilty, we look to whether a defendant has 'the ability to make a reasoned choice among the alternatives presented to him.'" *Miles v. Stainer,* 108 F.3d 1109, 1112 (9th Cir. 1997) (quoting *Chavez v. United States,* 656 F.2d 512, 518 (9th Cir. 1981)).

The district court did not clearly err in finding that Sprauer was competent to enter a guilty plea, based on the testimony of the prosecution's expert. "In performing its fact-finding and credibility functions, a district court is free to assign greater weight to the findings of experts produced by the Government than to the opposing opinions of the medical witnesses produced by the defendant." *United States v. Frank,* 956 F.2d 872, 875 (9th Cir. 1992).

## II

Sprauer next contends that the district court erred in increasing his criminal history points based on information contained in a letter from the Washington State Department of Corrections. Sprauer argues that his Sixth Amendment

confrontation rights under *Crawford v. Washington,* 541 U.S. 36 (2004), were violated because he "had not received a copy of that letter, had never had a chance to cross-examine the author, and objected to it as testimonial hearsay." (Appellant Br. 23). Sprauer further contends that the district court also failed to determine whether the hearsay letter possessed the required indicia of reliability for it to be admissible.

We have previously noted that "[t]he Supreme Court held in *Williams v. New York* that admission of hearsay evidence at sentencing did not violate the due process clause." *United States v. Littlesun,* 444 F.3d 1196, 1198-99 (9th Cir. 2006) (citing *Williams v. New York,* 337 U.S. 241, 246 (1949)). Because "*Crawford* [did] not explicitly overrule *Williams*[,] . . . hearsay [evidence] is admissible at sentencing, so long as it is 'accompanied by some minimal indicia of reliability.'" *Id.* at 1200 (footnote omitted). The record contains sufficient evidence to satisfy the "minimal indicia or reliability" required by due process. Accordingly, the district court did not abuse its discretion in admitting the letter.

## III

Sprauer also asserts that the district court erred in determining that his prior state conviction for third-degree assault constituted a crime of violence. "We review de novo 'whether a state statutory crime constitutes a crime [of violence].'"

3

*Navarro-Lopez v. Gonzales,* 503 F.3d 1063, 1067 (9th Cir. 2007). "To determine whether a conviction is for a [violent crime], we apply the categorical and modified categorical approaches established by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 599-602 (1990)." *Navarro-Lopez,* 503 F.3d at 1067.

In *United States v. Sandoval,* 390 F.3d 1077, 1081 (9th Cir. 2004), we held that third-degree assault under Washington law is not categorically a crime of violence. The district court erred in applying the modified categorical approach in determining that third-degree assault was a crime of violence because "[t]he modified categorical approach [] only applies when the particular elements in the crime of conviction are broader than the generic crime." *Navarro-Lopez,* 503 F.3d at 1073. "When the crime of conviction is missing an element of the generic crime altogether, we can never find that 'a jury was actually required to find all the elements of' the generic crime." *Id.* The statutory definition of third-degree assault, Wash. Rev. Code § 9A.36.031(1)(f), lacks the use-of-physical-force element as that term is defined in U.S.S.G. § 4B1.2(a).

## Conclusion

We AFFIRM the district court's finding of competency to a enter a plea and its admission of the letter from the Washington State department of Corrections.

4

We VACATE the district court's sentencing decision and REMAND for new sentencing proceedings.