**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL MENDOZA, | No. 08-56093 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-06436-CAS-OP |
| v. | |
| RODERICK Q. HICKMAN, Secretary California Department of Corrections and Rehabilitation, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted July 15, 2010
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and CAMP, Senior District
Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Jack J. Camp, Senior United States District Judge for
the District of Northern Georgia, sitting by designation.

On this record, the district court properly ruled that the California court did not unreasonably apply or act contrary to Supreme Court precedent in holding that the circumstances leading up to the change of plea proceeding did not warrant further inquiry into Miguel Mendoza's mental status when he entered his plea of no contest. We review *de novo*. *Musladin v. Lamarque*, 555 F.3d 830, 835 (9th Cir. 2009).

We have carefully considered Mendoza's allegations of error. The fact that Mendoza was on medication does not make his situation identical to *McMurtrey v. Ryan*, 539 F.3d 1112 (9th Cir. 2008). There the defendant was on eight anti psychotic and anti-anxiety medications. Usually there is supporting evidence or medical opinions suggesting incompetency. *See McMurtrey*, 539 F.3d at 1126; *Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir. 1997).

We recognize that we can consider evidence that was not before the trial court if it shows actual incompetence, but Dr. Erwin's opinion and Mendoza's treatment in Vacaville fail to establish that Mendoza was incompetent at the time of his plea. Dr. Erwin's evaluation was made two and a half years later. It must be considered in light of the two contemporaneous medical opinions of record. Dr. Erwin's conclusion is based primarily on the medication that Mendoza was taking. The level of Mendoza's participation in his contemporaneous medical interviews

2

and at his hearings refute those conclusions.  *See Davis v. Woodford*, 384 F.3d 628, 645-46 (9th Cir. 2004); *United States v. Mitchell*, 502 F.3d 931, 986 (9th Cir. 2007).

The record supports Dr. Arroyo's conclusion in October 2000 that Mendoza was competent to proceed with adjudication.

**AFFIRMED**.