**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10326 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01885-JAS-BGM-1 |
| v. | |
| DUSTIN LEE MCKEE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted February 4, 2021[**]
Phoenix, Arizona

Before: W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Dustin McKee appeals his conviction and sentence for conspiracy to import

methamphetamine. McKee contends that the district court erred by finding him

competent before accepting his guilty plea and by applying a reduction under the

advisory Sentencing Guidelines for acceptance of responsibility of only two levels

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

rather than three. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm in part and dismiss in part.

1. The district court did not commit clear error when it credited the third and final psychological report in this case, in which Dr. Cochrane opined that McKee was competent to stand trial. *See United States v. Gastelum-Almeida*, 298 F.3d 1167, 1171 (9th Cir. 2002). Dr. Cochrane's report relied on a four-month-long evaluation of McKee at the federal medical center in Butner, North Carolina. The report addressed the main issue giving rise to concerns about McKee's competency—his erroneous legal theory related to his belief that the government had previously dismissed several counts of his indictment—and concluded that even though the theory was baseless, it was not delusional in any clinical sense. Before the district court, defense counsel did not dispute the report's correctness and initially told the court that McKee was "doing a lot better" since returning from the federal facility. The record also reflects that McKee never exhibited any inappropriate "demeanor in court" when he pleaded guilty or at any other hearing. *See Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir. 1997). And the earlier psychological report—which had deemed McKee incompetent—had opined that McKee "may be able to be restored [to competency] within a reasonable period of time." Even in the face of some conflicting evidence, "it was not clearly erroneous for the district court to find that the evidence weighed in favor of a competency

2

finding." *Lewis v. Ayers*, 681 F.3d 992, 999 (9th Cir. 2012).

2. To the extent that McKee argues that the district court erred by not sua sponte holding a competency hearing before accepting his guilty plea or imposing sentence, we see no plain error. *See United States v. Garza*, 751 F.3d 1130, 1134 (9th Cir. 2014). To be sure, some of the more concerning exchanges showing McKee entrenched in his erroneous legal position occurred after the district court deemed him competent and accepted his guilty plea. But as already explained, the final psychological report addressed McKee's legal position and found it insufficient to render him clinically delusional. Defense counsel also did not contend that McKee was incompetent at the sentencing hearing; rather, counsel argued for a sentencing variance based on McKee's mental health issues. *See id.* at 1137 (emphasizing that the defendant's lawyer had dropped the competency challenge). And the district court was in an ideal position to evaluate McKee's competency before sentencing. It discussed McKee's legal theory with him at the final presentencing hearing, and sentencing proceeded without issue. The district court did not plainly err.

3. McKee's challenge to the validity of his plea agreement is derivative of his argument that he was not competent. Because McKee was competent to plead guilty, we conclude that he voluntarily entered into his plea agreement, in which he waived his right to appeal his sentence. *See United States v. Lo*, 839 F.3d

777, 783 (9th Cir. 2016); *see also United States v. Duncan*, 643 F.3d 1242, 1248–49 (9th Cir. 2011). We therefore do not consider his argument that the district court erred in denying him a third-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

**AFFIRMED in part and DISMISSED in part.**