**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gregory Scott MACK, aka Crusty; Gordon Spencer Gatewood, aka Smoosh; Marcus Calvin Baker, aka Chipmunk; Kristin Cheryl Gustafson, aka Echo, Defendants–Appellants.**

**No. 98–30195.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 1999.

Decided Jan. 12, 2000.

---

Gerald Smith, Federal Defenders of Eastern Washington and Idaho, Spokane, Washington, for the defendants-appellants.

Barry McHugh, Assistant United States Attorney, Coeur d' Alene, Idaho, for the plaintiff-appellee.

Before: LEAVY, TROTT, and T.G. NELSON, Circuit Judges.

TROTT, Circuit Judge:

On September 17, 1997, United States Forest Service ("USFS") Law Enforcement Officers proceeded to USFS Road 9553 in the Nez Perce Forest in Idaho to remove numerous protestors and obstructive piles of forest debris and logs blocking the road. After refusing voluntarily to remove themselves, appellants Mack, Gatewood, Baker, and Gustafson were removed and arrested. Following a bench trial, the district court found the appellants guilty of (1) unlawfully maintaining a structure in violation of 36 C.F.R. § 261.10(a); and (2) impeding a USFS road in violation of 36 C.F.R. § 261.12(d). The district court sentenced appellants to 60-days in custody, a $500 fine, and a $20 special assessment fee. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.

**I**

On September 17, 1997, the Idaho County Sheriff's Office contacted USFS Officer Steve Didier ("Didier") and requested that Didier proceed to USFS Road 9553 and remove numerous protestors blocking the road in protest of road building and logging in the area. The day before the above incident, the USFS had issued a closure order for all vehicular traffic, except logging contractors and USFS personnel, on Road 9553. The order closed the road 100 feet from the centerline in both directions and was in effect at the time of the protest. The validity of this order is not an issue in this case.

At approximately 5:00 p.m. on the 17th, Didier and five other law enforcement officers arrived and found barricades and numerous piles of forest debris and logs covering the road. Further up the road they found sharpened rebar spikes protruding from the roadbed. Beyond this the officers discovered slash piles and upright culverts supporting a platform. One of the slash piles covered the road and was 30 feet wide, 10 feet high, and 30 to 40 feet deep. After proceeding further, Didier

found five bipods spread across and blocking the road. The bipods were interconnected with cables. The bipod structures were approximately 45 to 50 feet tall and consisted of two lodgepole-type logs supporting a plywood platform covered by a green tarp.

Appellant Gatewood was lying in a trench underneath a slash pile. His arm was chained to a piece of rebar buried in concrete under the ground. Appellants Baker and Gustafson occupied platforms suspended underneath two separate bipods. Appellant Mack occupied a platform supported by two culverts. Didier and USFS Officer Pete Dean ("Dean") advised each of the appellants that they must voluntarily remove themselves or they would be arrested and charged with violating the closure order, unlawfully maintaining a structure, and interfering with the use of the road. After appellants refused to voluntarily remove themselves, the officers spent several hours removing the appellants, at which point they were arrested. Gatewood's arm was freed with a gas-powered jack hammer and a bolt cutter. The extrication process took four to five hours.

## II

■ The district court held that appellants had violated 36 C.F.R. § 261.10(a). This regulation prohibits:

(a) *Constructing, placing, or maintaining any* kind of road, trail, structure, fence, enclosure, communication equipment, or other improvement *on National Forest system land* or facilities without a special-use authorization, contract, or approved operating plan.

36 C.F.R. § 261.10(a) (emphasis added). It is undisputed that the incidents occurred on National Forest land. It is also undisputed that the appellants did not have as required under the regulation a lawful basis to erect or maintain the structures. Appellants argue, however, that their conduct did not constitute "maintaining a structure" as required under 36 C.F.R. § 261.10(a) because (1) "maintain" requires more than mere possession of, or occupation of, a structure; and (2) the word "maintain" is ambiguous and therefore the rule of lenity and the void-for-vagueness doctrine render the rejection invalid.

The purpose of 36 C.F.R § 261.10(a) is to prevent the hindrance of traffic on Forest Service roads and unauthorized intrusion into the forests. The district court held that the appellants were instrumental in the placement of the bipod structures with the purpose of maintaining the structures so as to impede traffic. The district court then concluded that appellants maintained the structures "by staying in them after being asked to leave, thereby preventing the Forest Service officers from removing the structures." Appellants argue that they simply occupied the structures but did not maintain them. This argument is unpersuasive.

The appellants were asked several times to leave the structures voluntarily or they would be arrested. Appellants refused and remained in their perches. As a result, law enforcement officers were forced to remove the appellants from the structures and to disassemble them before logging contractors could safely proceed down the road to complete work they had previously started. This uncontested evidence establishes that the appellants were intent on protecting and defending the structures in order to protest and to block the logging operations. Such conduct amounts to "maintaining" a structure as we have defined that concept in *United States v. Griefen*, 200 F.3d 1256 (9th Cir.2000).

■ Appellants also argue that the word "maintain" is ambiguous, and therefore that the rule of lenity mandates reversal. The rule of lenity is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure of the regulation. Our holding in *Griefen*

that the word "maintain" is not vague is dispositive on this issue.

■ Finally, the appellants argue that the void-for-vagueness doctrine bars their conviction because the meaning of the word "maintain" is not clear. "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *See United States v. Dischner,* 974 F.2d 1502, 1510 (9th Cir.1992) (quoting *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). Again, as we held in *Griefen,* "maintain" as used in this regulation is not vague.

## III

■ The district court held that the appellants violated 36 C.F.R. § 261.12(d). This regulation prohibits:

Blocking, restricting, or otherwise interfering with the use of a road, trail, or gate.

The appellants argue that they did not impede the use of the road because (1) Road 9553 was closed to vehicular traffic on September 17th, and (2) foot traffic could pass on the road. The district court held that because Road 9553 was open to contractors and/or Forest Service personnel on September 17th, the appellants impeded, restricted, and blocked the use of the roadway. The district court found that the efforts by the defendants were intended to impede the road and make it difficult to pass. The district court also responded to Defendants' argument that the road was not impeded because foot traffic could possibly walk around the structures, holding that "roads are not constructed merely for foot traffic, if at all" and therefore the issue was not relevant. We agree with the district court.

The plain language of the regulation clearly prohibits the conduct at issue. Although Road 9553 was closed to vehicular traffic on September 17th and foot traffic could pass, the evidence establishes that the appellants impeded the ability of logging contractors and Forest Service personnel to use the road for several hours while officials attempted to remove them from the various structures. Therefore, the district court did not err in finding that § 261.12(d) had been violated.

## IV

■ Appellants Gatewood and Gustafson argue that the district court violated their right to allocution under 18 U.S.C. § 3553(a)(1) by precluding them from articulating their beliefs and motives about the environment and the law. At the sentencing hearing, the district court personally addressed Gatewood and Gustafson and asked if either had anything to say. Both replied with lengthy and interesting but irrelevant philosophical discussions about environmental destruction, civil disobedience, and the legal system. The district court interrupted the defendants and asked them to speak to the issues of mitigation. The court also allowed Gustafson to submit a written statement in lieu of her reading the statement as part of her right to allocution.

■■ This court reviews for harmless error a district court's failure to afford the right of allocation at sentencing. *See United States v. Leasure,* 122 F.3d 837, 840 (9th Cir.1997), *cert. denied,* 522 U.S. 1065, 118 S.Ct. 731, 139 L.Ed.2d 668 (1998). The denial of allocution is not harmless when the district court has the discretion to sentence the defendant to a shorter sentence than given. *See United States v. Sarno,* 73 F.3d 1470, 1503–04 (9th Cir.1995).

■ Federal Rule of Criminal Procedure 32(c)(3)(C) requires that, "[b]efore imposing sentence," the court must "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence."

In determining the sentence, a court must also comply with 18 U.S.C. § 3553(a)(1), which requires a sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in determining the particular sentence. In exercising the right to allocution, a defendant has the right to fully present all available accurate information bearing on mitigation of punishment, and the district court has a duty to listen and give careful and serious consideration to such information. *See United States v. Navarro–Flores,* 628 F.2d 1178, 1184 (9th Cir.1980). However, we have held that "although the [appellants have] a right of allocution at sentencing, that right is not unlimited." *See United States v. Kellogg,* 955 F.2d 1244, 1250 (9th Cir.1992) (holding that the right of allocution is not violated when the district court interrupted a defendant who had just been convicted of tax fraud who spoke of "giant loopholes" in the tax law, the national debt problem, and the fall of Eastern Europe). In *United States v. Sarno,* 73 F.3d 1470 (9th Cir.1995), we held that the district court denied the defendant his right of allocution because in the initial phase of the sentencing hearing, the defendant was curtly silenced and told not to speak unless the court asked him a question. *See id.* at 1503. We held that this instilled timidity in the defendant and "significantly hindered his later efforts at allocution" because "he had taken the district court's admonition to heart and was consequently deterred from speaking freely." *Id.*

In the present action, the appellants were personally addressed by the court and provided with an opportunity to present information bearing on mitigation. Instead, the appellants discussed their motives, philosophies, and beliefs on issues that did not pertain to mitigation. The court listened to some of these statements but then asked that the appellants stick to issues pertaining to mitigation. The record does not demonstrate that the district judge intimidated the appellants or deterred them from speaking. The court

simply requested that they speak on germane issues. Therefore, we conclude that the district judge did not deny appellants the right of allocution at sentencing.

## V

■ The appellants argue that the district court improperly enhanced their sentences for exercising their constitutional right to trial. We disagree.

■ Sentencing that falls within statutory limits is left to the sound discretion of the district court and is reviewed for an abuse of discretion. *United States v. Pomazi,* 851 F.2d 244, 247 (9th Cir.1988), *abrogated on other grounds,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). The law provided for a maximum six-month sentence and a $500 fine.

The appellants were sentenced to 60 days in custody, a $500 fine, and a $20 special assessment fee. Appellants' co-defendant Liiv was arrested on the same day for the same activity, but pleaded guilty the day of the trial. Liiv was sentenced only to 14 days and required to pay a $10 special assessment. The appellants argue, based on the disparity between their sentence and Liiv's, that the district court imposed a greater sentence on them because they exercised their right to go to trial. We disagree.

■ The appellants correctly assert that an "accused may not be subjected to more severe punishment for exercising his constitutional right to stand trial." *United States v. Carter,* 804 F.2d 508, 513 (9th Cir.1986). However, "[m]ere imposition of a heavier sentence, without more, does not invalidate it." *Id.* The appellants' sentences and Liiv's sentence were all within statutory limits. The district court explained that its reasons for imposing heavier sentences on these appellants was primarily that each of them stated that they would not abide by any restitution order imposed by the court. This recalcitrance is a sufficient reason to subject them to

sentences greater than the sentence imposed against Liiv. Nothing in the record indicates that the district court based the enhanced sentences on the defendants' decision to exercise their constitutional right to go to trial.

AFFIRMED.