**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Pedro SALAS, Defendant–Appellant.**

No. 00–30173.

D.C. CR 99–437–AJB.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2001 *.

Decided May 24, 2001.

Before GOODWIN, GREENBERG **
and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Pedro Salas ("Martinez")[1] appeals his sentence, following his guilty plea, to one count of illegal reentry to the United States, in violation of 8 U.S.C. § 1326(a). Based on Martinez's offense level of 21 and Criminal History Category V, his guideline sentencing range was 70 to 87 months.

The district court sentenced Martinez to the minimum possible sentence of 70 months imprisonment and three years supervised release. Martinez contends that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(C) because the judge determined the sentence before allowing Martinez to speak. We review the district court's alleged failure to provide for the right of allocution for harmless error and affirm Martinez's sentence. *See United States v. Mack,* 200 F.3d 653, 657 (9th Cir.), *cert. denied,* 530 U.S. 1234, 120 S.Ct. 2669, 147 L.Ed.2d 282 (2000).

Fed.R.Crim.P. 32(c)(3)(C) provides that before imposing sentence, the court must "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." *See United States v. Leasure,* 122 F.3d 837, 840 (9th Cir.1997).

Before imposing Martinez's sentence, the district court denied Martinez's motion for a downward departure and indicated that it intended to sentence Martinez at the low end of the guideline range. The court told Martinez that it refused to depart downward, but offered him an opportunity to speak or present any information before it imposed "a low-end sentence." Significantly, the court stated that while it was giving Martinez a sentence "as low as it goes in the absence of a departure," it still wanted to give him "a chance to tell anything else that [hadn't] been emphasized." Martinez made a statement and the court imposed the 70 month term.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Morton I. Greenberg, Senior Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Mr. Salas, whose true name is Silvano Martinez–Loza, indicated to the district court that he prefers to be called "Martinez."

Martinez claims that because the court indicated the sentence it would impose *before* allowing Martinez to address the court, the court violated Rule 32(c). Martinez's argument lacks merit. *See Leasure*, 122 F.3d at 840.

AFFIRMED.

---

* The Honorable Morton I. Greenberg, Senior Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.