**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Syed Mohammed Masood SHARAF,
Defendant—Appellant.**

No. 00–30378.

D.C. No. CR–00–00329–WTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Feb. 21, 2002.

---

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM *

Syed Mohammed Masood Sharaf ("Sharaf") appeals from his conviction on ten counts of bank fraud, in violation of 18 U.S.C. § 1344, and the sentence imposed by the district court. We affirm in part, vacate in part, and remand for further proceedings.

Sharaf first argues that the district court erred by not allowing him to offer a jury instruction regarding his proposed good-faith defense. We review the district court's ruling de novo because it concerns "whether the instructions given adequately presented the defendant's theory of the case," *United States v. Munoz*, 233 F.3d 1117, 1130 (9th Cir.2000), and we review the formulation of the jury instructions for abuse of discretion. *United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir.), *cert. denied*, 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000).

■ Here, the court's charge incorporated the crux of Sharaf's proffered instruction, including the various scienter elements that the government needed to prove beyond a reasonable doubt to secure a conviction under § 1344. It also defined several key terms, including "knowingly" and "intent to defraud." Consequently, the district court's ruling was not in error.

■ Sharaf also argues that the district court erred under Federal Rule of Evidence 404(b) by admitting evidence of uncharged fraudulent acts. The evidence admitted demonstrated that Sharaf had defrauded Boatmen's Bank ("Boatmen's") in St. Louis, Missouri, in 1995 by using almost the same type of scheme the government charged in the indictment. For example, he repeatedly deposited worthless checks drawn on accounts in Pakistan, and eventually was successful in withdrawing money from his Boatmen's account before the bank could freeze it. Also, considering that Sharaf perpetrated his scheme throughout the 1990s, there was a sufficient temporal link between the Boatmen's activity and the frauds committed against the Seattle-area banks. Admission of the Boatmen's Bank evidence was consistent with Rule 404(b).[1]

■ Next, Sharaf challenges the district court's eight-point enhancement under U.S.S.G. § 2F1.1 based on findings regarding amounts that Sharaf intended to defraud from various banks—as opposed to the amounts that he actually defrauded the banks. We review the district court's interpretation of a sentencing guideline de novo, its application of the guideline "to the facts of a particular case for abuse of discretion," and "the factual findings underlying the court's sentencing decision" for clear error. *United States v. Sayakhom*, 186 F.3d 928, 946 (9th Cir.), *amended by* 197 F.3d 959 (9th Cir.1999), *cert. denied*, 528 U.S. 1179, 120 S.Ct. 1216, 145 L.Ed.2d 1117 (2000).

■ We previously have held that in a fraud case a district court may sentence according to the amount of intended loss "if that amount can be determined and if it is greater than the actual loss." *United States v. Gallagher*, 99 F.3d 329, 334 (9th Cir.1996). Here, Sharaf engaged in a wide-ranging scheme to defraud Seattle-area banks by repeatedly withdrawing

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Sharaf also argues that the district court erred under Rule 403 of the Federal Rules of Evidence. We disagree. Considering that the government proffered ample evidence in its case-in-chief about Sharaf's Seattle-area schemes, evidence regarding similar activities in the St. Louis area was not substantially more prejudicial than probative.

money from accounts until the banks finally became aware of his misconduct. The district court reasonably determined that Sharaf did not intend to limit his withdrawals and, indeed, would have continued his fraudulent conduct but for the banks' intervention. Considering that Sharaf's intended loss was subject to calculation and far exceeded the actual losses sustained by the banks, the district court did not err in enhancing his base offense level by eight points.

 Sharaf also argues that the district court improperly cut short his sentencing allocution. We review for harmless error a district court's failure to provide a complete allocution to a defendant. *United States v. Mack,* 200 F.3d 653, 657 (9th Cir.), *cert. denied,* 530 U.S. 1234, 120 S.Ct. 2669, 147 L.Ed.2d 282 (2000). Although such an error is not harmless if the district court had discretion to impose a shorter sentence, *United States v. Sarno,* 73 F.3d 1470, 1503–04 (9th Cir.1995),[2] a defendant's right to allocute is not unfettered; the district court may, for example, cut short an allocution if the defendant strays from "issues pertaining to mitigation." *Mack,* 200 F.3d at 658. Here, although the district court initially indicated that it would not allow Sharaf to continue speaking, it acceded to Sharaf's request that he be allowed to ask the court a final "question" before the court imposed its sentence. Considering that the district court essentially permitted Sharaf to finish his already lengthy allocution, we cannot say that it improperly restricted Sharaf's right to speak during the sentencing colloquy.

<hr>

**2.** The district court sentenced Sharaf to the maximum term permitted under the heart-

land range.

 Finally, Sharaf argues that the district court erred under Rule 32(c) of the Federal Rules of Criminal Procedure by not considering an objection he made at sentencing to the inclusion of paragraph 6 in the Presentence Report. Sharaf's counsel raised the objection in a presentence memorandum filed with the district court, and Sharaf himself reiterated it during his allocution. Accordingly, we review this issue de novo. *United States v. Carter,* 219 F.3d 863, 866 (9th Cir.2000). Under Rule 32(c), the district court is required to resolve all of a defendant's objections to the PSR's factual assertions. *Id.* Here, there is no indication in the record that the district court actually considered or ruled on Sharaf's objection to paragraph 6, as required by Rule 32. Accordingly, we vacate Sharaf's sentence and remand for re-sentencing, at which time the district court shall have an opportunity to resolve the objection.

AFFIRMED in part, VACATED in part, and REMANDED.