UNITED STATES of America, Plaintiff—Appellee,

v.

Harold Henry FIELDS, Defendant—Appellant.

No. 01–50483.

D.C. No. CR–00–01108–TJH–01.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Aug. 30, 2002.

Before T.G. NELSON, PAEZ, and TALLMAN, Circuit Judges.

## MEMORANDUM *

We reject Fields' contention that the district court should have ordered a competency hearing.

### I. District Judge's Expressions of Doubt Regarding Fields' Competency

The district judge did not make an express finding that there was reasonable cause to believe that Fields was not mentally competent to stand trial.[1] In addition, given that the judge raised the competency question on his own, voiced his

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. See 18 U.S.C. § 4241(a) (2000) (requiring the district court to hold a competency hearing on its own motion when "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent").

serious doubts about Fields' competency, affirmatively sought the opinions of government counsel and of Fields' probation officer on the matter, and yet did not make a formal reasonable cause finding, the judge's expressions of doubt cannot be viewed as implicit findings of reasonable cause. To the contrary, the circumstances suggest that the judge ultimately determined there was not reasonable cause to believe Fields was not mentally competent to stand trial. The judge therefore made no findings that triggered § 4241(a)'s competency hearing requirement.

We reject Fields' argument that a § 4241(a) hearing was required simply because the district judge did, in fact, entertain serious doubts about Fields' competency. The test we apply is "whether a reasonable judge ... should have experienced doubt with respect to competency to stand trial," [2] not whether the trial judge actually did express serious doubts at some point in the proceedings. According-ly, the trial judge's view of the defendant's competency is not controlling. [3] Rather, it is but one of several factors to be considered, [4] each of which is individually nondeterminative. [5] Thus, the fact that the district judge entertained serious doubts about Fields' competency did not require the court to hold a competency hearing.

We further note that the district judge's reasons for doubting Fields' competency were insufficient to require a competency hearing. The record demonstrates that the judge's doubts were rooted in Fields' general lack of legal knowledge and in the bizarre nature of his legal arguments. Neither of these considerations required a competency hearing. The inability to mount a legally adequate—or even comprehensible—defense is not a "mental disease or defect." [6] In addition, the fact that Fields' jurisdictional arguments were "extraordinarily bizarre" and "undeniably weird" was insufficient to trigger the hearing requirement. [7]

**2.** *Hernandez v. Ylst*, 930 F.2d 714, 716 (9th Cir.1991) (citing *de Kaplany v. Enomoto*, 540 F.2d 975, 983 (9th Cir.1976) (en banc)) (ellipses in original). *Hernandez* was decided under due process, not § 4241(a). For purposes of this case, we treat the due process trigger for a mandatory competency hearing—"bona fide doubt," "sufficient doubt," "good faith doubt," or "genuine doubt" of a defendant's competency, see *id.* n. 3—as being the same as the "reasonable cause" standard of § 4241(a), because the parties' briefs implicitly equate the two standards. We express no opinion as to whether the two standards actually are legally identical.

**3.** *See Torres v. Prunty*, 223 F.3d 1103, 1109 (9th Cir.2000) (rejecting the trial court's finding that there was no bona fide doubt that Torres was competent).

**4.** *See Hernandez*, 930 F.2d at 718 (deeming significant the fact that the trial judge, the government counsel and Hernandez's own attorney did not perceive reasonable cause to believe Hernandez incompetent); *see also Drope v. Missouri*, 420 U.S. 162, 180, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) ("There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated.").

**5.** *See Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir.1997) (stating that "[n]one of these factors is determinative," in reference to the competency factors set forth in *Drope* ).

**6.** *See* 18 U.S.C. § 4241(a) (requiring a competency hearing only when there is reasonable cause to believe a "mental disease or defect" renders a defendant incompetent).

**7.** *Hernandez*, 930 F.2d at 717–18; *cf. Cheek v. United States*, 498 U.S. 192, 203–04, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991) (assuming without deciding that a person with "incredible" or objectively unreasonable legal beliefs can be competent to stand trial).

## II.  *Other Evidence That Fields Was Not Competent*

We reject Fields' argument that his persistence in clinging to his jurisdictional legal theories demonstrated a mental illness or lack of competency.  It is true that Fields submitted additional filings predicated on his jurisdictional theories, even after the district court rejected them in denying his motion to dismiss.  However, Fields did not seek hearings on any of the additional filings, and he did not attempt to re-argue his jurisdictional theories in any presentencing hearing, even though he had several opportunities.  While Fields did resurrect his jurisdictional theories at the sentencing hearing, he did so in the context of his statement of allocution, which was his right,[8] as he obviously recognized.  In light of Fields' evident concern with making an adequate record, and abundant affirmative evidence of Fields' competency—which we discuss below—the foregoing facts do not suggest an irrational persistence in re-arguing discredited legal theories so much as a strongly held conviction that he had the law right and a determination to preserve the relevant issues for appeal.

We also reject Fields' contention that his insistence on proceeding *pro se* was motivated by an irrational desire to be in complete control of all aspects of his defense.  The *Faretta* hearing transcript shows that Fields gave the court a reasoned explanation for his desire to proceed *pro se.*  Fields' decision might be characterized as inadvisable, but it was not irrational.

## III.  *Evidence That Fields Was Competent*

◼ Fields cites no other evidence tending to show that he was not competent.  In addition, outside of Fields' bizarre jurisdictional arguments and the judge's comments, we can find nothing in the record that even hints at a competency problem.  However, there is considerable evidence that Fields was competent.

No one involved in the proceedings, other than one of the two judges, voiced any doubts about Fields' competency.  Fields' appointed counsel—the person "in the best position to evaluate [Fields'] competenc[y]"[9]—told the *Faretta* hearing judge that Fields was competent.  The judge—who had just engaged in a lengthy colloquy with Fields—accepted this appraisal without expressing any doubts.  The *Faretta* hearing prosecutor voiced no doubts regarding Fields' competency, even though the court had raised the issue and sought the prosecutor's viewpoint.  The prosecutor during the post-*Faretta* hearing proceedings affirmatively stated that he thought Fields was competent.  Finally, Fields' probation officer, who had met with him at least thirty times, told the court that she did not feel that a mental examination would be worthwhile.

In addition, the record reflects that Fields well understood the nature and object of the proceedings, including the possibility of a long jail term,[10] and that he was "responsive and rational" during the various hearings,[11] demonstrated "complex reasoning ability"[12] in colloquies with the

---

8.  *See United States v. Mack,* 200 F.3d 653, 657 (9th Cir.) (citing Fed.R.Crim.P. 32(c)(3)(C) and discussing the right of allocution at sentencing), *cert. denied,* 530 U.S. 1234, 120 S.Ct. 2669, 147 L.Ed.2d 282 (2000).

9.  *Torres,* 223 F.3d at 1109.

10.  *See Hernandez,* 930 F.2d at 718 ("there is no indication here that Hernandez could not . . . understand the proceedings against him").

11.  *Harding v. Lewis,* 834 F.2d 853, 857 (9th Cir.1987).

12.  *Miles,* 108 F.3d at 1112.

court, "expressed himself boldly and effectively when he chose to do so" [13] and "rationally consult[ed]" with his advisory counsel.[14] Fields was also reasonably polite and respectful in court, speaking in turn, listening to the court and opposing counsel, and engaging in no outbursts.[15] Finally, it is undisputed that Fields had no history of mental illness.[16]

In sum, Fields' arguments that there was reasonable cause to hold a competency hearing are unpersuasive. In addition, the record contains considerable evidence that Fields was competent to stand trial. We conclude that the district court did not err in failing to hold a competency hearing.

Finally, while Fields' opening brief stated that one of the issues raised in this case was whether a defendant whom the district court "believes" is incompetent should be permitted to represent himself, Fields made no supporting argument that the court "believed" that Fields was incompetent. Fields thus waived the issue.[17] In any event, while the district court entertained some serious doubts about Fields' competency, nothing in the record can fairly be read as demonstrating that the court at any point affirmatively believed Fields was incompetent. Accordingly, this appeal does not raise the question of whether a court should allow a defendant that it believes to be incompetent to defend himself or herself, precluding us from addressing it.[18]

AFFIRMED.

---

13. *Harding,* 834 F.2d at 857.

14. *Hernandez,* 930 F.2d at 718.

15. *See Torres,* 223 F.3d at 1108–09 (stating that demeanor is a factor in determining whether a competency hearing should have been held).

16. *See id.* (stating that any prior medical opinion regarding competency is a factor in determining whether a competency hearing should have been held).

17. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) ("Furthermore, an issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived").

18. *See Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1138 (9th Cir.2000) (en banc) ("Our role is neither to issue advisory opinions nor to declare rights in hypothetical cases ...."), *cert. denied,* 531 U.S. 1143, 121 S.Ct. 1078, 148 L.Ed.2d 955 (2001).