### UNITED STATES of America, Plaintiff—Appellee,

v.

### Efren MARTINEZ–CHINO, Defendant—Appellant.

No. 02–50143.
D.C. No. CR–01–00903–R.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 25, 2002.*

Decided Jan. 6, 2003.

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

### MEMORANDUM**

Efren Martinez–Chino pleaded guilty to one count of illegal entry after deportation, in violation of 8 U.S.C. § 1326. He appeals his sentence of fifty-seven months' imprisonment and three years of supervised release. Martinez–Chino claims he was denied his right of allocution at sentencing, and that the district court erred in believing it could not depart downward based on the conditions of his pretrial confinement. We affirm.

---

** This disposition is not appropriate for publication and may not be cited to or by the

### I. *Right to allocution*

At the sentencing hearing, the district court asked Martinez–Chino if he had any additions or corrections to the presentence report. Martinez–Chino said no. The court then twice asked Martinez–Chino "Anything else?" Martinez–Chino mentioned the conditions of his pretrial confinement and his criminal history score, and then said "That's all." After the district court pronounced his sentence, Martinez–Chino again brought up the conditions of his confinement.

■ "In exercising the right to allocution, a defendant has the right to fully present all available accurate information bearing on mitigation of punishment, and the district court has a duty to listen and give careful and serious consideration to such information." *United States v. Mack,* 200 F.3d 653, 658 (9th Cir.2000). On this record, it appears that Martinez–Chino was personally addressed by the court, was provided with the opportunity to argue for mitigation, and was not intimidated or deterred from speaking. *See id.* The use of the question "Anything else?" did not limit his response. *Compare United States v. Sarno,* 73 F.3d 1470, 1503 (9th Cir.1995) (right violated where district court expressly limited defendant's right to speak and record showed defendant was deterred from speaking freely); *United States v. Carper,* 24 F.3d 1157, 1162 (9th Cir.1994) (right violated where court never asked defendant whether he wanted to speak and defendant said nothing); *United States v. Medrano,* 5 F.3d 1214, 1219 (9th Cir.1993) (same). We hold that Martinez–Chino's right to allocution was not violated.

### II. *Departure for conditions of pretrial confinement*

Martinez–Chino raised his pretrial confinement in the county jail rather than in a

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

federal facility as a ground for downward departure in his position papers at sentencing, and the government responded that the conditions at the county jail did not take Martinez–Chino's case out of the heartland of Guidelines cases. At the sentencing hearing, the parties submitted the issue on the record. Martinez–Chino asked the court "So, I'm not going to get any credit for being in the county?" and the court replied "The answer is no. I don't believe that that is one that I would consider as a reduction of sentence."

We have no jurisdiction to review the district court's discretionary decision not to depart. *United States v. Romero,* 293 F.3d 1120, 1126 (9th Cir.2002). Because there was no clear statement to the contrary on the record, we must assume that the court was aware of its power to depart downward and was not persuaded to do so, based on Martinez–Chino's arguments. *See id.* at 1127; *United States v. Pizzichiello,* 272 F.3d 1232, 1239 (9th Cir. 2001) (when defendant requests departure, court of appeals assumes district court understood the law and exercised its discretion not to depart, "particularly where, as here, the parties identified for the court the correct standard to be applied"), *cert. denied,* —— U.S. ——, 123 S.Ct. 206, 154 L.Ed.2d 84 (2002). We conclude that the district court exercised its discretion in not departing, and we must decline to review this claim.

AFFIRMED.