**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Robert Leon MERTENS, aka
BJ Mertens, Defendant—
Appellant.**

No. 04–30553.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2006.*

Decided Feb. 15, 2006.

---

courts of this circuit except as provided by Ninth Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nancy D. Cook, Esq., Office of the U.S. Attorney, Coeur D'Alene, ID, for Plaintiff–Appellee.

Greg S. Silvey, Esq., Boise, ID, for Defendant–Appellant.

Before: D.W. NELSON, RYMER, and FISHER, Circuit Judges.

### MEMORANDUM **

Robert L. Mertens appeals his conviction on drug and money laundering charges in the district court, as well as his sentence and the district court's forfeiture order. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm his conviction, but order a limited remand for resentencing in light of *United States v. Moreno–Hernandez*, 419 F.3d 906 (9th Cir. 2005).

Mertens first challenges his convictions by arguing that the charges presented to the jury were not the counts presented in the indictment, therefore violating his constitutional "right to be tried only on the charges included in the grand jury's indictment." *United States v. Dipentino*, 242 F.3d 1090, 1094 (9th Cir.2001). The jury in this case, however, voted on the same counts charged in the indictment, and therefore we see no plain error.

Mertens also argues that the district court did not make it clear to the jury that it had to agree unanimously regarding which events constituted a particular offense. In evaluating jury instructions, we must ensure that "[t]he instructions are considered as a whole [in order to] determine if they are confusing or inadequate." *United States v. Kessi*, 868 F.2d 1097, 1104 (9th Cir.1989). We evaluate the entirety of these instructions knowing that "[t]he

trial judge possesses substantial latitude in tailoring jury instructions." *Id.*

■ Several actions prior to the jury deliberation at Mertens' trial made it clear to the jury that it needed to make separate findings on each criminal count and that all jurors had to agree on the same facts. The prosecutor explained each count by number, the alleged drug involved, the date of the alleged offense, and relevant probative testimony. The jury also received a chart identifying the count, date, amount, and nature of the financial transaction for each money laundering offense alleged in the indictment. The district court specifically told the jury that it "must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy *with all of you agreeing as to the particular crime* which the conspirators agreed to commit," and the special verdict form set forth each count and required the jury to specify that it found Mertens unanimously guilty of a given count.

■ Mertens argues that he was prevented from presenting his defense of outrageous governmental conduct by the exclusion of evidence, particularly of his brother's death. The excluded evidence would not have satisfied the extremely high standard necessary to prove outrageous government conduct. Mertens does not claim that he himself suffered substantial physical or mental coercion, *see United States v. Montilla*, 870 F.2d 549, 552 (9th Cir.1989), nor were the crimes he was accused of entirely fabricated by the police. *Id.* Moreover, the alleged outrageous conduct did not occur until *after* Mertens began his criminal enterprise, and the outrageous conduct defense is "generally unavailable where the criminal enterprise

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

was already in progress before the government became involved or where the defendant was involved in a continuing series of similar crimes during the government conduct at issue." *United States v. Stenberg,* 803 F.2d 422, 429 (9th Cir.1986) (italics omitted). Finally, Mertens was given the opportunity on many occasions to testify and argue that he was framed by the government.

Mertens also challenges the sentence he received in the district court on several grounds. First, Mertens argues that the district court failed to provide him with a sufficient opportunity to exercise his right to allocution and "fully present all available accurate information bearing on mitigation of punishment." *United States v. Mack,* 200 F.3d 653, 658 (9th Cir.2000). However, the district court need not have provided Mertens with the opportunity to discuss issues that might not "mitigate [his] sentence." Fed.R.Crim.P. 32(i)(4)(ii). *See also Mack,* 200 F.3d at 658 (indicating that the court is obliged only to address "issues pertaining to mitigation"). In this case, Mertens was permitted to address many issue before the court limited his allocution, once he started to discuss matters immaterial to mitigation. *Accord Mack,* 200 F.3d at 658; *United States v. Kellogg,* 955 F.2d 1244 (9th Cir.1992).

Second, Mertens argues that he could not be sentenced to forfeit property pursuant to a "preponderance of the evidence" standard used by the district court, because of the decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005). However, the Supreme Court clearly held in *Libretti v. United States,* 516 U.S. 29, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995), that the Sixth Amendment does not apply to forfeiture determinations. *Id.* at 48–49, 116 S.Ct. 356. We must follow that earlier Supreme Court decision, even if it is based "on reasons rejected in some other line of decisions." *Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989).

Finally, Mertens argues for the first time on appeal that the district court violated *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because it treated the Sentencing Guidelines as mandatory. Our decision in *United States v. Moreno–Hernandez,* 419 F.3d 906 (9th Cir.2005), obliges us to order a limited remand to the district court. *Id.* at 916 ("We conclude that defendants are entitled to limited remands in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional.").

For the foregoing reasons, we **AFFIRM** Mertens's conviction. We also **AFFIRM** his sentence as to the challenges raised in this appeal. However, we order a **LIMITED REMAND** so that Mertens can be sentenced consistent with *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).