UNITED STATES of America, Plaintiff—Appellee,

v.

Mario MARQUEZ, Defendant— Appellant.

No. 07–50527.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.[*]

Filed May 28, 2008.

Steven D. Desalvo, Esq., Assistant U.S., Kerri A. Harlin, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Erica K. Zunkel, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM [**]

Mario Marquez appeals from the 9–month sentence imposed upon revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Marquez contends that the district court erred by failing to allow him to address the court at the revocation hearing, as required by Federal Rule of Criminal Pro-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cedure 32.1. We reject this contention because Marquez was personally addressed by the court, was provided with the opportunity to speak on his own behalf, and was not intimidated or deterred from speaking. *See United States v. Mack,* 200 F.3d 653, 658 (9th Cir.2000).

Marquez contends that his sentence was "procedurally and substantively unreasonable" because the district court failed to consider the sentencing factors, failed to state reasons for the sentence, failed to consider the Sentencing Guidelines, and failed to impose a sentence that was not greater than necessary to satisfy the sentencing goals. We review the sentence for reasonableness. *See United States v. Miqbel,* 444 F.3d 1173, 1176 (9th Cir.2006).

We conclude that the district court considered the appropriate sentencing factors and imposed a sentence that complied with the purposes of sentencing upon revocation of supervised release. *See* 18 U.S.C. § 3583(e); *Miqbel,* 444 F.3d at 1182.

Finally, Marquez contends that the supervised release revocation procedures set forth in 18 U.S.C. § 3583(e)(3) violate *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This contention is foreclosed by *United States v. Huerta–Pimental,* 445 F.3d 1220, 1224–25 (9th Cir.2006). We reject Marquez's contention that *Huerta–Pimental* is no longer good law in light of *Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007).

**AFFIRMED.**