**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 08-50467 & 08-50469 |
| Plaintiff - Appellee, | D.C. Nos. 3:08-cr-00880-LAB |
| v. | 3:05-cr-01150-LAB |
| JOSE REFUGIO ALVARADO-NOLASCO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

In these consolidated appeals, Jose Refugio Alvarado-Nolasco appeals from

the 48-month sentence imposed following his guilty-plea conviction for being a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JC/Research

deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b), and the 24-month consecutive sentence imposed following revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, Alvarado-Nolasco contends the district court procedurally erred by (1) failing to consider his mental and medical condition and the lack of medical treatment he received in prison, and (2) imposing an above-guidelines sentence without properly explaining and considering all of the 18 U.S.C. § 3553(a) sentencing factors. This contention is belied by the record. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Second, Alvarado-Nolasco contends that, to the extent the district court found that he had received adequate medical care, such finding was an abuse of discretion and plain error. There was no error in the district court's statement that Alvarado-Nolasco will "get the treatment that [the Bureau of Prisons] provides, which in [the district court's] judgment and . . . experience has been adequate medical treatment." *See* 18 U.S.C. § 3621(b).

Third, Alvarado-Nolasco contends his sentence is substantively unreasonable. In light of the totality of the circumstances of this case and the § 3553(a) sentencing factors, the sentence is substantively reasonable. *See Gall v.*

*United States*, 552 U.S. 38, 51 (2007); *United States v. Higuera-Llamos*, 574 F.3d 1206, 1212 (9th Cir. 2009).

Finally, Alvarado-Nolasco contends the district court denied him his right of allocution where the district court held a single hearing to impose sentence on both the illegal reentry offense and the supervised release violation. The record shows that the district court afforded Alvarado-Nolasco ample chance to speak on his own behalf, and that he did so. *See United States v. Mack*, 200 F.3d 653, 658 (9th Cir. 2000); *see also United States v. Leasure*, 122 F.3d 837, 840 (9th Cir. 1997) (this court "has never held that a defendant has a right to unlimited allocution").

**AFFIRMED.**