**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30326 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00126-FVS |
| v. | |
| OHARA M. MOLINERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Ohara M. Molinero appeals from the 78-month prison sentence and ten-year

term of supervised release imposed following his guilty-plea conviction for

distribution and possession with intent to distribute methamphetamine, in violation

of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

Molinero contends that the district court violated 18 U.S.C. § 3552(d) and Federal Rule of Criminal Procedure 32(e) by failing to grant him sufficient time to review the presentence report. This contention is unavailing because Molinero failed to establish that any technical error committed by the district court in not strictly complying with these provisions affected his substantial rights. *See United States v. Waknine*, 543 F.3d 546, 552-54 (9th Cir. 2008).

Molinero next contends that the district court violated his due process rights by not affording him a second opportunity to address the court regarding his prior felony harassment conviction. This contention lacks merit because the record reflects that the court personally addressed Molinero, and provided him and his counsel ample opportunity to present information regarding the harassment conviction. *See United States v. Mack*, 200 F.3d 653, 658 (9th Cir. 2000).

Finally, Molinero contends that the district court's imposition of a ten-year term of supervised release was unreasonable and disproportionately severe punishment. Under the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the ten-year supervised release term is reasonable. *See United States v. Cope*, 527 F.3d 944, 952 (9th Cir. 2008).

**AFFIRMED.**