NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10459 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00269-GEB-1 |
| v. | |
| BRENT DOUGLAS COLE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted May 15, 2018**
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and ZILLY,***
District Judge.

Appellant Brent Douglas Cole appeals his jury conviction for one count of

assaulting a federal officer in violation of 18 U.S.C. §§ 111(a) and 111(b), one

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Thomas S. Zilly, United States District Judge for the
Western District of Washington, sitting by designation.

count of assaulting a person assisting a federal officer in violation of 18 U.S.C. §§ 111(a) and 111(b), and one count of discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(iii). Cole argues on appeal that his indictment is invalid because the government interfered with the independent structure of the grand jury. Cole also asserts that the district court denied his right of allocution and requests that this case be remanded for a new sentencing hearing. Cole further argues that his two assault convictions under 18 U.S.C. §§ 111(a) and 111(b) are not "crimes of violence" for purposes of sustaining his firearm conviction.

We conclude that any error in the grand jury proceedings here was rendered harmless when the petit jury convicted Cole on all three counts. *United States v. Navarro*, 608 F.3d 529, 538–40 (9th Cir. 2010). Cole has not otherwise established that the grand jury's structural protections in this case were compromised.

We also review for harmless error a district court's failure to give the right of allocution at sentencing. *United States v. Mack*, 200 F.3d 653, 657 (9th Cir. 2000). The district court afforded Cole his right of allocution on multiple occasions during sentencing and properly limited Cole's discussion to issues pertaining to mitigation. *Id.* at 658.

This Court has held that a defendant charged with assault by using a deadly or dangerous weapon in violation of 18 U.S.C. § 111(b) must necessarily threaten the use of force. *United States v. Juvenile Female*, 566 F.3d 943, 947–48 (2009). As such, a § 111(b) weapons charge is categorically a "crime of violence." *Id.* Cole's convictions on Counts One and Two necessarily threaten the use of force and are therefore categorically "crimes of violence." The jury's determination that Cole committed a "crime of violence" was not an error.

**AFFIRMED**.