**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-10106 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00136-LJO-SKO-1 |
| v. | |
| CRAIG MARTIN SHULTS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted June 10, 2020
San Francisco, California

Before:  M. SMITH and HURWITZ, Circuit Judges, and EZRA,** District Judge.

Craig Shults appeals his conviction and 72-month sentence for threatening to assault Judge Andrew Guilford with intent to retaliate on account of the performance of his official duties, in violation of 18 U.S.C. § 115(a)(1)(B).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

1.    The district court did not abuse its discretion in admitting the Valkovich testimony. *See United States v. Major*, 676 F.3d 803, 807 (9th Cir. 2012) (stating standard of review). Valkovich's testimony clearly satisfies the requirements of Federal Rule of Evidence 404(b). His testimony that Shults repeatedly offered to pay him to solicit the murder of Judge Guilford and others tends to show that, at the time Shults made the earlier charged threats in conversation with Knox, Shults had a "plan" for carrying them out (hiring a hit man), the "opportunity" to carry them out (possession of sufficient money to pay a hit man), and the "intent" to carry them out (because he would subsequently take more concrete steps to do so). Fed. R. Evid. 404(b).

The district court did not abuse its discretion in finding the "probative value" of Valkovich's testimony not "substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. His testimony was highly probative to prove intent and to disprove the defense theory that Shults was only bluffing. Its probative value was not materially diminished by the prosecution's decision not to call Knox to testify, as it was highly relevant to the jury's interpretation of the recorded conversation between Shults and Knox.

2.    The district court did not plainly err with regard to Shults' right to allocute at his sentencing hearing. *See United States v. Jordan,* 256 F.3d 922, 926 (9th Cir. 2001) (stating standard of review). The district court afforded Shults the

required opportunity to speak pursuant to Federal Rule of Criminal Procedure 32(i)(4)(A)(ii), and Shults declined the opportunity. *See United States v. Mack*, 200 F.3d 653, 657–58 (9th Cir. 2000). Although the court reporter heard Shults later ask his lawyer, "Can I say something?," the record does not reflect that the court heard the request, nor that the request was to speak to the court, rather than just to counsel.

3.     The district court did not plainly err by applying the preponderance of the evidence standard to the sentencing enhancements. *See Jordan,* 256 F.3d at 926 (stating standard of review). As to the six-level intent enhancement, U.S.S.G. § 2A6.1(b)(1), due process considerations do not favor requiring clear and convincing evidence, because the facts underlying the enhancement stemmed from the conduct of which Shults was convicted. *See United States v. Hymas*, 780 F.3d 1285, 1289–92 (9th Cir. 2015). Meanwhile, with the exception of factor 5, the *Valensia* factors either weigh against the higher standard, are not relevant, or are inconclusive because it is unclear what the relevant baseline is. *See Jordan*, 256 F.3d at 928 (listing six factors first articulated in *United States v. Valensia*, 222 F.3d 1173, 1182 (9th Cir. 2000), *cert. granted, judgment vacated,* 532 U.S. 901 (2001)).

As to the two-level multiple-threats enhancement, U.S.S.G. § 2A6.1(b)(2)(A), it had only a minimal effect on the sentence, not an "extremely

disproportionate" effect. *United States v. Hopper*, 177 F.3d 824, 833 (9th Cir. 1999) (quoting *United States v. Restrepo*, 946 F.2d 654, 659 (9th Cir. 1991) (en banc)). Thus, considered separately, it was not plain error to apply a preponderance standard to the challenged enhancements.

Even if the sentencing enhancements had an "extremely disproportionate" effect when considered in the aggregate, our precedents do not clearly require this method of calculation. *Compare Jordan*, 256 F.3d at 928 (interpreting *Valensia* to require that the court aggregate the challenged enhancements), *with Hymas*, 780 F.3d at 1290–91 (separating a single loss enhancement into two parts). Accordingly, it was not plain error for the district court to apply a preponderance of the evidence standard.

**AFFIRMED.**