NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30072 |
| Plaintiff-Appellee, | D.C. No. 6:21-cr-00176-MC-1 |
| v. | |
| GARY EDWARD FRANKLIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted June 15, 2023[**]
Portland, Oregon

Before: TALLMAN, RAWLINSON, and SUNG, Circuit Judges.

Gary Edward Franklin appeals his 48-month sentence imposed following his

guilty plea to two counts of mailing a threatening communication in violation of 18

U.S.C. § 876(c). On direct appeal Franklin argues (1) that the district court failed

to use the Sentencing Guidelines as a meaningful benchmark and that his sentence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

is substantively unreasonable, (2) that the district court failed to resolve disputes he raised at sentencing in violation of Fed. R. Crim P. 32(i)(3)(b), and (3) that the district court deprived him of his right to allocution in violation of Fed. R. Crim. P. 32(i)(4)(A)(ii) and due process. Because the parties are familiar with the facts of this case, we do not repeat them here. We have jurisdiction under 28 U.S.C. §1291, and we affirm the district court.

1. We review for abuse of discretion "whether the sentence is inside the Guidelines range or outside of it." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court adequately considered the Guidelines and the 18 U.S.C. § 3553(a) factors and did not abuse its discretion when it sentenced Franklin to 48-months. The guidelines are advisory and "are to be kept in mind throughout" sentencing. *Id*. at 991. The guidelines are one factor for the district court to consider. *Id*. The record shows that the district court adequately considered the Guidelines sentence of 6-12 months, as well as Franklin's age, mental health issues, his prior criminal history, the weapons, items, and photos found in his home, that the defendant specifically threatened torture and murder, and that the defendant particularized the threats to the victim and the victim's family members.

Because the district court performed an individualized assessment based on the facts in this case looking at the totality of the circumstances, the sentence is

2

substantively reasonable. *Id*. at 993, 996; *United States v. Gall*, 128 S. Ct. 586, 597 (2007). Extraordinary circumstances are not required to justify a sentence outside the Guidelines range. *Id*. at 595. And no "rigid mathematical formula" should be used to determine "the strength of the justifications required for a specific sentence." *Id*.

2. We review alleged Fed. R. Crim. P. 32 violations de novo. *United States v. Job*, 871 F.3d 852, 868 (9th Cir. 2017). Fed. R. Crim. P. 32(i)(3)(B) states that "[a]t sentencing, the court must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."

Here, Franklin argues that the district court erred by failing to address his disputes during sentencing. Specifically, he argues the district court (a) improperly applied a "pseudo hate-crime" enhancement; (b) failed to consider Franklin's likelihood of committing future crimes; (c) failed to consider Franklin's age and mental health; and (d) failed to consider Franklin's arguments regarding his actions and the impact on the victim.

The record belies these assertions. The district court expressly and appropriately considered Franklin's likelihood of future criminal activity, his age, mental health, and the impact of his statements on the victim. Further, the district

court explicitly did not apply the hate crime enhancement under U.S.S.G. § 3A1.1(a), which focuses on the defendant's *motive*, and requires that the court find beyond a reasonable doubt that the defendant selected the victim "because of the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation of any person." Franklin argues that the district court made a pseudo hate-crime enhancement because the court noted that the defendant increased the impact of the threats on the victim by particularizing them to the personal characteristics of the victim and family members, including by specifically referring to their race, gender, and sexual orientation. We disagree. By considering the *impact* of such particularization, the district court did not make any finding regarding the defendant's motive.

3. We review due process challenges to a criminal sentence de novo. *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014). Lastly, Franklin argues that the judge's unwillingness to hear Franklin's continued statement was a violation of Fed. Rule Crim. P. 32(i)(4)(A)(ii) as well as a violation of his due process rights under the Sixth Amendment's guarantee of the right to allocute.

Allocution is a historic common-law right. *Green v. United States*, 365 U.S. 301, 304 (1961). Fed. R. Crim. P. 32(i)(4)(A)(ii) requires the court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." The court has a "duty to listen and give

4

careful and serious consideration to such information." *United States v. Mack*, 200 F.3d 653, 658 (9th Cir. 2000). The right is not unlimited, *United States v. Kellogg*, 955 F.2d 1244, 1250 (9th Cir. 1992), and a single pertinent question may satisfy the allocution requirement under Rule 32. *Green*, 365 U.S. at 304. The due process right to allocution applies only when a court denies a defendant's affirmative request to speak. *Boardman v. Estelle*, 957 F.2d 1523, 1530 (9th Cir. 1992), *as supplemented on denial of reh'g* (Mar. 11, 1992).

The district court did not violate Fed. R. Crim. P. 32(i)(4)(A)(ii). At sentencing, the district judge addressed Franklin in order to provide an opportunity for allocution—"Mr. Franklin, what would you like to say?" and "[a]nything else you want to tell me?" After his allocution, the district court asked Franklin if there was "anything else you want to tell me," and Franklin provided a final statement— "I regret sending [the threats]. It was a stupid thing to do. I'll accept whatever punishment is coming my way." And because the court provided Franklin with an adequate opportunity to speak, there was no due process violation. *Boardman*, 957 F.2d at 1530.

**AFFIRMED.**