NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50229 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00773-ODW-1 |
| v. | |
| KENNETH LOWELL HABERMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted April 22, 2024[**]

Before: CALLAHAN, LEE, and FORREST, Circuit Judges.

Kenneth Lowell Haberman appeals from the district court's judgment and

challenges the 39-month sentence imposed following his guilty-plea conviction for

bank fraud, in violation of 18 U.S.C. § 1344(2), and aggravated identity theft, in

violation of 18 U.S.C. § 1028A(a)(1). We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Haberman contends that the district court denied him the opportunity to allocute in violation of Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) and due process. We need not resolve the parties' dispute over whether this claim should be reviewed for harmless or plain error because we would affirm under either standard. *See United States v. Daniels*, 760 F.3d 920, 922-23 (9th Cir. 2014). The record reflects that Haberman was given ample opportunity to personally address the court. Moreover, the court carefully considered Haberman's comments and appeared to credit many of his assertions. Contrary to Haberman's argument, the record does not show that any of the court's statements deterred him from speaking freely. *See United States v. Mack*, 200 F.3d 653, 658 (9th Cir. 2000) (a court may direct a defendant to discuss certain issues as long as it does not deter him from speaking).

Haberman next contends that the district court failed to consider or justify the disparity between his sentence and that of his co-defendant. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the court was aware of Haberman's sentencing disparity argument, which it raised and discussed at the outset of the sentencing hearing and referred to again in explaining the sentence. On this record, it is clear that the court considered Haberman's claim

and simply concluded that the difference between Haberman's sentence and the sentence given to his co-defendant was not unwarranted. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) (a sentencing disparity is not unwarranted if the co-defendants are not similarly situated).

Finally, Haberman argues that the sentence is substantively unreasonable. The district court did not abuse its discretion in imposing the low-end sentence, which is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**